*761 OPINION.
Lansdon :
Two questions raised by this appeal must be determined by the Board: (1) Whether balances of salary credited to an employee of a corporation but not paid or made available for the use of such employee are taxable income; and (2) whether receipt by the employee of non-par value shares of capital stock without market value *762 shall be regarded as taxable income ? The first issue is controlled, in principle, by the decision of the Board in the Appeal of H. C. Couch, 1 B. T. A. 103.
From the evidence adduced at the hearing, the Board is of the opinion that the credits to the taxpayer on the books of the corporation for undrawn salary balances were never available for his use. The taxpayer had agreed to draw only such part of his stated salary as could be paid by the corporation without interfering with its operations or impairing its credit. Although not insolvent on the face of its books, the corporation had large expenses and very heavy immediate and contingent liabilities, and, at no time during the years in question, did it have funds sufficient to permit payment of the amounts due the taxpayer without serious embarrassment and danger of bankruptcy.
Except certain shares of no-par value stock of the corporation, the taxpayer has received nothing on account of the amounts due him. He has never been able to draw against his credits for any purpose, nor in any other way has he had use, benefit or gain from them. In these conditions the Board holds that the credits to the account of the taxpayer on the books of the corporation, in excess of compensation actually paid, were not income and are not taxable.
The evidence proves that none of the shares of stock accepted by the taxpayer was converted or convertible into cash and that at no time since their issue have such shares been traded in or had market value. The exchange of the book credits to the taxpayer’s account for stock took place in 1921. The shares of stock not having a readily realizable market value, the exchange was within the exception provided in section 202(c) of the Revenue Act of 1921. In the light of these facts and of the above cited statutory provision, the Board holds that the no-par value shares of common stock of the corporation can not be regarded as income in determining the tax liability of the taxpayer for 1921.